UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ARTHUR KUNGLE, JR.                  )
                                    )
            Plaintiff,              )
    v.                              )   Civil Action No. 13-1338 (RBW)
                                    )
STATE FARM, FIRE AND CASUALTY       )
COMPANY,[1]                         )
                                    )
            Defendant.              )
_____)

**MEMORANDUM OPINION**

The pro se plaintiff, Arthur Kungle, Jr., brings this action against his insurance provider, State Farm Fire and Casualty Company ("State Farm"), and appears to allege that State Farm's failure to pay his insurance claim violates 42 U.S.C. §§ 1981, 1983, 1985, and 1986 (2012). See generally ECF No. 1; ECF No. 9; ECF No. 10.[2] The plaintiff additionally alleges that State Farm committed criminal mail fraud in violation of 18 U.S.C. § 1343 (2012).[3] See ECF No. 1 at 1. He seeks an award of $200,000 under his State Farm insurance policy, id. at 4 as well as an unintelligible sum for fraud to be awarded to the Adult Recovery Center of the Salvation Army in Baltimore, Maryland, the Methodist Board of Child Care, and the St. Mary's Roman Catholic

---

[1] The plaintiff originally filed suit against both the "Executive [officers], State Farm Insurance" and the "Claims Dep[artment] and Staff, State Farm Insurance." ECF No. 1. However, State Farm indicated that there is only one defendant, State Farm Fire and Casualty Company. See Defendants' [sic] Waiver of Personal Service of Summons and Complaint. Because the plaintiff agreed that there is only one defendant, State Farm, the Court has modified the case caption to represent the appropriate parties. See Plaintiff's Motion to Change the Title of Defendants [and] Argument, ECF No. 27 at 1.

[2] Because the plaintiff has submitted a number of documents to the Court, and due to the large volume of these filings, for ease of reference, the Court will use its Electronic Case Filing System ("ECF") document number and ECF pagination assigned to each of the plaintiff's filings.

[3] Although the plaintiff cites 18 U.S.C. § 132 on the face of his original complaint, 18 U.S.C. § 132 does not exist. Due to his pro se status, and in light of the fact that he parenthetically indicated that this statute pertains to "mail fraud," the Court presumes that the plaintiff intended to cite 18 U.S.C. § 1343 rather than 18 U.S.C. § 132.

1

Schools,[4] id. at 4. Currently before the Court are two of the plaintiff's filings, which the Court has construed collectively as a motion to amend his complaint, ECF No. 9; ECF No. 10, Defendant State Farm's Motion to Dismiss for Improper Venue or, in the Alternative to Transfer Venue, or to Dismiss for Failure to State a Claim Upon Which Relief May be Granted ("Def.'s Mot.") and Defendant State Farm's Motion to Strike Docket Entries 9 and 10 ("Def.'s Mot. to Strike"). After carefully considering the parties' submissions,[5] the Court concludes for the reasons below that it must grant the plaintiff's pending motions to amend, deny State Farm's motion to strike, and grant State Farm's motion to dismiss.

**I. BACKGROUND**

The following factual allegations are taken from a number of filings submitted by the plaintiff to this Court which have been collectively construed as the plaintiff's complaint.[6] Although the filings are generally unintelligible, the Court has been able to discern the following series of events, which, for the purposes of this Opinion, the Court must accept as true.

The "[p]laintiff has a homeowner's policy with State Farm Insurance," ECF No. 24 at 1, with "personal property limits [in the amount] of $249,200," ECF No. 1 at 2. "Policy [number] 20–CT–9547–8 [covers his personal property at] 8 Gentry Court, Annapolis, [Maryland,] 21403." Id. At some point in time, there was, as characterized by the plaintiff, a "heist[,

---

[4] The complaint states that the plaintiff is seeking "$100/220,00 each for: [the three just identified entities]." ECF No. 1 at 4.

[5] In addition to the documents already referenced, the Court considered the following filings in reaching its decision: (1) the Memorandum of Points and Authorities in Support of Defendant State Farm's Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue, or to Dismiss for Failure to State a Claim Upon Which Relief May be Granted ("Def.'s Mem."); (2) the plaintiff's ECF filings numbered 24, 25, 26, 27, 29, 29-1, and 31, which the Court has construed as the plaintiff's opposition to State Farm's motion; and (3) Defendant State Farm's Reply to Plaintiff's Memorand[a] in Opposition to Transfer Venue Docket Nos. 25, 26, 29, 31 ("Def.'s Reply").

[6] For the purposes of resolving both State Farm's motion to dismiss and motion to strike, the Court views ECF 1 as the plaintiff's original complaint and ECF 9 and 10 as the plaintiff's amended complaint.

presumably a theft,] at [his] abode," during which personal property was taken. Id. at 3. After the "heist," the plaintiff filed an insurance claim for $220,000 with State Farm. Id.

"[State Farm] demanded that [the] plaintiff produce photos or other records," of the property for which he was seeking reimbursement. Id. at 2. The plaintiff asserts, however, that the request "was false [and] fraudulent" because State Farm agents "took pictures after each heist," id., and that he provided State Farm with "records from Trover bookstore . . . [and] other info[rmation] from 105 different stores around the world." Id. The plaintiff further alleges that representatives of State Farm "met with counsel [and] were given receipts for book purchases [at] Trover [and] other bookstores."[7] ECF No. 24 at 1. This meeting took place "in the office of [the plaintiff's] then counselor, Tom Hennessy," in Annapolis, Maryland, ECF No. 29-1 at 1. The plaintiff further alleges that State Farm "lost or destroyed [this] evidence." ECF No. 1 at 3.

On November 11, 2013, this Court granted the plaintiff leave to file two additional filings which the Court construed as motions to amend his complaint to include allegations that because he "is maternally descended from both the Creek [and] Powhattan,"[8] State Farm "does not want to pay [him for his claim] due to [its] historic racial bias." ECF No. 9 at 1. He further alleges that "[s]enior State Farm folks knew [that] lower staff conspired to deny [him] payments [and] federal civil rights," and that State Farm "violated federal mail fraud laws by demanding photos of lost stuff [and] records." ECF No. 10 at 1. State Farm has now moved to strike these amended filings, to dismiss the plaintiff's complaint for improper venue or, in the alternative, to

---

[7] The plaintiff repeatedly refers to his "counsel" as a Tom Hennessy. It is unclear if Mr. Hennessy is an attorney, and if so, whether he is advising or providing legal representation to the plaintiff. Although the plaintiff does identify Mr. Hennessy as "his lawyer [and] carpenter," ECF No. 29-1, it is abundantly clear from the plaintiff's filings that he is, in fact, representing himself. The Court therefore discounts any such references to his "counsel" as any indication that the plaintiff is being provided any sort of legitimate legal counsel for the purposes of assessing whether the plaintiff is prosecuting this case as a pro se litigant.

[8] The Court assumes the plaintiff is referring to two Native American populations.

transfer venue, or to dismiss for failure to state a claim upon which relief may be granted. See generally Def.'s Mot. to Strike; Def.'s Mot.

## II. STANDARDS OF REVIEW

### A. Consideration of Pro Se Pleadings

The pleadings of pro se parties are to be "liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal citations and quotation marks omitted). However, even though a pro se complaint must be construed liberally, the complaint must still "present a claim on which the Court can grant relief." Chandler v. Roche, 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (citing Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

### B. Rule 12(b)(3) Motion to Dismiss

In considering a motion to dismiss for lack of proper venue under Rule 12(b)(3), "the Court accepts the plaintiff['s] well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff['s] favor, and . . . resolves any factual conflicts in the plaintiff['s] favor." Quarles v. Gen. Inv. & Dev. Co., 260 F. Supp. 2d 1, 8 (D.D.C. 2003) (citation and internal quotation marks omitted); see also 2215 Fifth St. Assocs. v. U-Haul Int'l, Inc., 148 F. Supp. 2d 50, 54 (D.D.C. 2001) (stating that courts will grant a 12(b)(3) motion if "facts [are] presented that . . . defeat [the] plaintiff's assertion of venue") (citation omitted). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003) (citations omitted).

**C. Rule 12(b)(6) Motion to Dismiss**

A Federal Rule of Civil Procedure 12(b)(6) motion tests whether the complaint "state[s] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). While the Court must "assume [the] veracity" of any "well-pleaded factual allegations" in the complaint, conclusory allegations "are not entitled to the assumption of truth." Id. at 679.

"'In determining whether a complaint states a claim, the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice.'" Abhe & Svoboda, Inc. v. Chao, 508 F.3d 1052, 1059 (D.C. Cir. 2007) (citation omitted). And among the documents "subject to judicial notice on a motion to dismiss" are "public records," Kaempe v. Myers, 367 F.3d 958, 965 (D.C. Cir. 2004), which includes records from other court proceedings, Covad Commc'ns Co. v. Bell Atl. Corp., 407 F.3d 1220, 1222 (D.C. Cir. 2005).

## III. LEGAL ANALYSIS

**A. The Plaintiff's Motion to Amend His Complaint**

On November 11, 2013, this Court granted the plaintiff leave to file two submissions, construing them as amendments to his original complaint. See generally ECF No. 9; ECF No. 10. Five days after leave to file was granted, State Farm simultaneously filed its motion to

5

dismiss and motion to strike ECF entries 9 and 10. See generally Def.'s Mot.; Def.'s Mot. to Strike.

"A party may amend its pleading once as a matter of course" before the adverse party has filed a responsive pleading. Fed. R. Civ. P. 15(a). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Id. While the Court has sole discretion to grant or deny leave to amend, absent a sufficient reason to deny an amendment request, "[l]eave to amend a complaint should be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." Richardson v. United States, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). The rationale for this perspective is that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182.

Here, as was his right, the plaintiff filed his amended complaint prior to State Farm's response to the original complaint and therefore, there is no "undue prejudice to the opposing party." Richardson, 193 F.3d at 548–49. Moreover, because State Farm responded to the allegations set forth in the amended complaint by way of its motion to strike, which it incorporated as part of its motion to dismiss, see Def.'s Mot. to Strike at ¶ 1, and because the Court considered the arguments in State Farm's motion to strike in conjunction with its motion to dismiss, the plaintiff's motions to amend his complaint via ECF 9 and 10 are granted and State Farm's motion to strike is denied. The allegations made in those filings will therefore be incorporated into the plaintiff's claim and the Court will therefore consider the claims, facts, and allegations asserted in those filings in its resolution of State Farm's pending motion to dismiss.

## B. Whether the Plaintiff Has Third Party Standing

As an initial matter, "[t]he federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines." United States v. Hays, 515 U.S. 737, 742 (1995). For that reason, although State Farm did not raise the issue of the plaintiff's standing to bring claims on behalf of the Adult Recovery Center of the Salvation Army in Baltimore, Maryland, the Methodist Board of Child Care, and the St. Mary's Roman Catholic Schools (collectively the "entities"), the Court must nonetheless address the plaintiff's lack of third party standing because "[t]he issue of standing is not subject to waiver." Id.

"'The irreducible constitutional minimum of standing contains three elements: (1) injury-in-fact, (2) causation, and (3) redressability.'" Nat'l Ass'n of Home Builders v. EPA, 667 F.3d 6, 11 (D.C. Cir. 2011) (citation omitted). "'Thus, to establish standing, a litigant must demonstrate a personal injury fairly traceable to the [opposing party's] allegedly unlawful conduct [that is] likely to be redressed by the requested relief.'" Id. (citation omitted). "The absence of any one of these three elements defeats standing." Newdow v. Roberts, 603 F.3d 1002, 1010 (D.C. Cir. 2010). Although a party may have standing to bring his own claims, "[a] party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interest of third parties.'" Kowalski v. Tesmer, 543 U.S. 125, 129 (2004) (citation omitted).

> The Supreme Court has articulated three prudential considerations to be weighed when determining whether an individual may assert the right of others: (1) '[t]he litigant must have suffered an 'injury in fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute,' (2) 'the litigant must have a close relation to the third party,' and (3) 'there must exist some hindrance to the third party's ability to protect his or her own interest.'

Lepelletier v. F.D.I.C., 164 F.3d 37 (citation omitted). And the party invoking federal jurisdiction bears the burden of establishing standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

Nowhere in any of the plaintiff's filings does he allege any facts that would enable this Court to infer that he had any relationship with any of the entities, much less a close relationship with them, nor has he alleged that the entities are hindered from bringing their own actions against State Farm, and he has thus failed to establish that he has standing to bring these claims on behalf of anyone other than himself. See e.g., Ahmed v. Napolitano, 825 F. Supp. 2d 112, 116 (D.D.C. 2011) (dismissing a claim brought on behalf of another person where the initiating party did "not establish[] the particular 'specially close' relationship" to the party on whose behalf the claim was brought and there was no showing that the other person was unable to assert the claim herself). The claim filed on behalf of the three entities is therefore dismissed.

**C. Whether Venue is Proper in the District of Columbia**

State Farm argues that venue is improper in the District of Columbia.[9] Under 28 U.S.C. § 1391(b) (2012), which governs actions brought in federal district courts, a civil action may be brought in any judicial district (1) "in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)–(3). As State Farm argues and the plaintiff does not contest in any of his numerous filings, it does not reside in the

---

[9] Because State Farm does not argue that the Court lacks personal jurisdiction to hear the case, it infers that State Farm has thus submitted to the personal jurisdiction of this Court.

8

District of Columbia; (2) all of the acts or omissions giving rise to the plaintiff's claims took place in Maryland; and (3) there is a judicial district in which venue would be proper under § 1391(b)(2), namely, the district of Maryland. Def.'s Mem. at 3–5.

Although the plaintiff does not contest State Farm's venue argument, he nonetheless argues that if this case is transferred "to a [Maryland] court racial bigotry will be on trial, for [State Farm does] not want to be under a good black judge." ECF No. 24 at 1. Even giving the plaintiff the benefit of his pro se status, his position is meritless and therefore the Court finds that the District of Columbia is not a proper venue for the filing of the plaintiff's complaint.

**D. Whether Transfer is Appropriate**

The Court's venue conclusion does not end its inquiry, however. Under 28 U.S.C. § 1406, a district court which finds that a plaintiff has filed a case in the wrong venue "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (2012). The decision whether to transfer or dismiss a case is committed to the discretion of the district court where a suit was improperly filed. Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983). Although a district court may dismiss a case if the plaintiff's claims suffer from obvious substantive defects, see Buchanan v. Manley, 145 F.3d 386, 389 n.6 (D.C. Cir. 1998); Naartex Consulting Corp., 722 F.2d at 789, the interest of justice generally favors transferring a case, particularly when a plaintiff is proceeding pro se, James v. Verizon Servs. Corp., 639 F. Supp. 2d 9, 15 (D.D.C. 2009).

The complaint indicates that "Jurisdiction – is pro[p]er according to: [(1)] 18 U.S.C. 13[43] (mail fraud)[; (2)] 42 U.S.C. [§§] 1981, 1983, 1985, 1986[; (3)] DC Declaration of Rights, 1776[; (4)] J. Story: Equity Jurisprudence (1836), followed by SCOTUS (1868 [and]

1889)[; and (5)] U.S. Constitution [and] OAS Declaration (1948)." Compl., ECF No. 1 at 1.
According the plaintiff the benefit of any doubt, the Court construes the citing of these statutes as the underlying bases for the plaintiff's various claims. As discussed below, each of these claims suffers serious substantive problems and they will be dismissed instead of being transferred.

**1. The Plaintiff's Mail Fraud Claim**

The plaintiff first alleges that State Farm "violated federal mail fraud laws by demanding photos of lost stuff [and] records," ECF No. 10 at 1, and thus committed mail fraud under 18 U.S.C. § 1343.[10] It appears, based on the statute cited, that the plaintiff asks for the initiation of a criminal prosecution against State Farm for "violat[ing] federal mail fraud laws by demanding photos of [his] lost stuff [and] records." ECF No. 10. However, there is no private right of action under a criminal statute. See Hunter v. District of Columbia, 384 F. Supp. 2d 257, 260 n.1 (D.D.C. 2005). For this reason, the plaintiff's claim presumably pleaded under 18 U.S.C. § 1343 must be dismissed.

**2. The Plaintiff's Claims Under 42 U.S.C. §§ 1981, 1983, 1985, and 1986**

State Farm argues that the "plaintiff refers to several federal civil rights statutes, but fails to plead any facts to support why Defendant State Farm would even be subject to those statutes." Def.'s Mem. at 6. State Farm argues further that "[t]here are no discernable causes of action pled in the [c]omplaint and, therefore, it fails to state a claim upon which relief may be granted." Id. For the reasons discussed below, the Court agrees that the plaintiff has failed to adequately plead causes of actions arising under 42 U.S.C. §§ 1981, 1983, 1985, and 1986.

---

[10] As the Court previously indicated, 18 U.S.C. § 1343 has been substituted for "18 U.S.C. [§] 132 (mail fraud)," ECF No. 1 at 1, as the latter does not exist.

### a. 42 U.S.C. § 1981

Section 1981 protects the rights of individuals to make and enforce a contract free of racial discrimination. The statute defines making and enforcing contracts as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). "A viable 'claim brought under § 1981 therefore, must initially identify an impaired contractual relationship under which the plaintiff has rights,' and whether 'racial discrimination . . . impairs an existing contractual relationship.'" Morris v. Carter Global Lee, Inc., ___ F. Supp. 2d ___, ___, 2013 WL 5916816, at *5 (D.D.C. 2013) (citing Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006)). To establish a claim under § 1981, a plaintiff must show that: (1) he is a member of a racial minority group; (2) the defendant intended to discriminate on the basis of his race; and (3) the discrimination pertained to one of the activities enumerated in the statute. Dickerson v. District of Columbia, 806 F. Supp. 2d 116, 119 (D.D.C. 2011). Moreover, § 1981 "can be violated only by purposeful discrimination," Gen. Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391 (1982), and therefore, a "plaintiff cannot merely invoke his race in the course of a [§ 1981] claim's narrative and automatically be entitled to pursue relief," Bray v. RHT, Inc., 748 F. Supp. 3, 5 (D.D.C. 1990) (internal citations omitted). The plaintiff must instead "allege some facts that demonstrate that his race was the reason for the defendant's actions." Id.

State Farm argues that the plaintiff's filings "vaguely assert[] that [d]efendant State Farm refused to pay a claim due to racial bias[] [and that t]here are no facts asserted to support this bald and conclusory statement." Def.'s Mot. to Strike at 1, ¶ 2. The plaintiff's assertions that he "maternally descended from both the Creek [and] Powhattan," ECF No. 9; see also ECF No. 31,

that State Farm "does not want to pay [the] plaintiff [] due to their historic racial bias," ECF No. 9 at 1, and that "[s]enior State Farm folks knew lower staff conspired to deny [the] plaintiff payments [and] federal civil rights," ECF No. 10 at 1, are conclusory and tenuous at best. While the plaintiff does allege that he is a member of a racial minority who was discriminated against on the basis of his race with respect to an action covered by § 1981, the assertions he relies on are more conclusions and void of any facts that support the allegations. See Ndonju v. Interpark Inc., 768 F. Supp. 2d 263, 274–75 (D.D.C. 2011) (dismissing § 1981 claims where the plaintiff made "no factual allegations demonstrating that his race, ancestry, or ethnic characteristics were the reason for any mistreatment he suffered"). Therefore, the plaintiff has failed to state a claim under § 1981.

### b. 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). In other words, the offending person must be a state actor. "[A] challenged activity may be state action when it results from the State's exercise of coercive power, when the State provides significant encouragement, either overt or covert, or when a private actor operates as a willful participant in joint activity with the State or its agents." Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 296 (2001) (internal citations and quotation marks omitted). Nowhere in any of the plaintiff's numerous filings does he allege that State Farm is a state actor, nor has he alleged that it was acting under color of state law, and he has thus failed to state a claim under § 1983.

### c. 42 U.S.C. §§ 1985 and 1986

To sustain a claim under § 1985, the plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, . . . and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in her person or property or deprived of any right or privilege of a citizen of the United States.

Martin v. Malhoyt, 830 F.2d 237, 258 (D.C. Cir. 1987) (citations omitted). "The statute 'does not apply to all conspiratorial tortious interferences with the rights of others, but only those motivated by some class-based, invidiously discriminatory animus.'" Id. The plaintiff here does not allege the elements of a civil conspiracy:

> (1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme.

Halberstam v. Welch, 705 F.2d 472, 477 (D.C. Cir. 1983). All the plaintiff asserts is the conclusory allegation that "[s]enior State Farm folks knew lower staff conspired to deny plaintiff payments [and] federal civil rights," ECF No. 10, and therefore he has failed to adequately plead the elements of a civil conspiracy, see McCreary v. Heath, No. 04-0623(PLF), 2005 WL 3276257, at *5 (D.D.C. Sept. 26, 2005) (dismissing conspiracy claim where the "complaint fails to allege the existence of any events, conversations, or documents indicating that there was ever an agreement or 'meeting of the minds' between any of the defendants . . ."). Thus, because the plaintiff has failed to plead the elements of a conspiracy, the plaintiff has failed to state a claim under § 1985. Moreover, because § 1986 claims are predicated on the existence of a § 1985 claim, see Herbin v. Hoeffel, No. 99-7244, 2000 WL 621304, at *1 (D.C. Cir. Apr. 6, 2000) (citing Dowsey v. Wilkins, 467 F.2d 1022, 1026 (5th Cir. 1972) ("Because appellant did not state

13

a claim under 42 U.S.C. § 1985(3), there is no basis for relief under 42 U.S.C. § 1986."), the plaintiff has also failed to state a claim under §1986.

### 3. The Plaintiff's Miscellaneous Claims

Finally, the plaintiff appears to be asserting various violations of what he identifies as the "DC Declaration of Rights, 1776[,] J. Story: Equity Jurisprudence (1836), followed by [the Supreme Court of the United States] (1868 [and] 1889), [and] U.S. Constitution [and] OAS Declaration (1948)." ECF No. 1 at 1. The Court has attempted to assess how these sources give rise to the plaintiff's underlying breach of contract claim. However, the Court has been unable to determine what claims or causes of action the plaintiff is asserting. Finding none, the Court therefore dismisses these causes of action.

### 4. The Plaintiff's Common Law Breach of Contract and Fraud Claim

The heart of the plaintiff's allegations suggest that he is asserting common law breach of contract and fraud claims.[11] However, "a district court 'may decline to exercise supplemental jurisdiction over a claim that forms part of the same case or controversy if . . . the district court has dismissed all claims over which it has original jurisdiction.'" McManus v. District of Columbia, 530 F. Supp. 2d 46, 69 (D.D.C. 2007) (citing 28 U.S.C. § 1367(c)(3)). Because this Court has dismissed all of the plaintiff's federal claims—those based on the Constitution or laws of the United States—and since none of the actions giving rise to the plaintiff's common law claims occurred in this jurisdiction, in the exercise of its discretion, the Court declines to address the merits of the plaintiff's common law claims. Shekoyan v. Sibley Int'l, 409 F.3d 414, 423 (D.C. Cir. 2005) (internal citations omitted).

---

[11] To the extent that the plaintiff intends to assert a fraud claim independent from his criminal mail fraud claim, the Court has included such a claim in its analysis.

However, because this Court has dismissed all of the plaintiff's federal claims, transfer of this matter to the District of Maryland would be inappropriate because that court would lack subject matter jurisdiction over the remaining common law claims. See 28 U.S.C. § 1332(a)(1). As a corporation is a citizen of any state in which it has been incorporated and the state where it has its principal place of business, 28 U.S.C. § 1332(c)(1), and "State Farm['s] . . . principal place of business, for the purposes of the [plaintiff's] theft claim, is . . . [Maryland,]" Def.'s Mem. at 3, it is a citizen of Maryland for diversity purposes. Because both the plaintiff and State Farm are citizens of Maryland, there is no diversity of citizenship, and therefore the remaining claims cannot be pursued in the District of Maryland. See e.g., Graley v. Uzan-Hunnington Bank, No. 07-47 (RWR), 2007 WL 2684070, at *1 (D.D.C. Sept. 6, 2007) (finding no diversity of citizenship between a plaintiff from Ohio and a bank with its principal place of business also in Ohio). Moreover, the plaintiff has filed nearly identical claims in the Anne Arundel County Maryland District Court, a more appropriate forum to resolve the plaintiff's common law claims. See ECF No. 1 at 3–4 ("Earlier was [i]n the Circuit Court for Anne Arundel Co[unty, Maryland]."); Def.'s Mem. at 3. Accordingly, the plaintiff's common law claims are also dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the plaintiff's motion to amend his complaint, deny State Farm's motion to strike the plaintiff's amended complaint, and grant the defendant's motion to dismiss the plaintiff's complaint.[12]

**SO ORDERED** this 16th day of June, 2014.

REGGIE B. WALTON<br>United States District Judge

---

[12] An order consistent with this memorandum opinion will be issued contemporaneously.